IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT RHODE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 3:12-CV-424 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Robert Rhode on August 10, 2012. For the reasons set forth below, the petition (DE # 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4.

BACKGROUND

Robert Rhode, *pro se* prisoner, filed this habeas corpus petition attempting to challenge his parole revocation on April 10, 2012. He states that he has not presented his claims to the state courts.

DISCUSSION

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts.

> *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004).

Here, Rhode has not filed either of those petitions in state court and has not presented his claims to the Indiana Supreme Court. Therefore he has not exhausted his State court remedies and this federal habeas corpus petition must be dismissed.

CONCLUSION

For the reasons set forth above, the petition (DE # 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4.

DATED: September 4, 2012         /s/RUDY LOZANO, Judge
                                 **United States District Court**